# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**PERDIDO SUN CONDOMINIUM ASSOCIATION, INC.,**
**a Florida not-for-profit corporation,**

        **Plaintiff,**

**v.**                               **Case No. 3:06cv318/MCR**

**NATIONWIDE MUTUAL INSURANCE COMPANY,**
**an Ohio corporation, and**
**DIRECTOR, FEDERAL EMERGENCY**
**MANAGEMENT AGENCY,**

        **Defendants.[1]**

_____/

## O R D E R

In this flood insurance dispute plaintiff Perdido Sun Condominium Association, Inc., ("Perdido Sun" or "the Association") sues defendant Nationwide Mutual Insurance Company ("Nationwide") for breach of contract, declaratory relief, and negligence.[2] Presently before the court is Nationwide's motion for partial dismissal of Perdido Sun's claims pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(c), to which Perdido Sun has responded in opposition.[3] (Docs. 19, 23).  For the reasons discussed below, the court grants the motion in part and denies it in part.

---

[1] Perdido Sun has voluntarily dismissed the Director of the Federal Emergency Management Agency ("FEMA") as a defendant in this action; also, Nationwide has advised that its correct name is "Nationwide Mutual Fire Insurance Company." (Doc. 13; doc. 19 at 1, n.1).

[2] Perdido Sun asserts that federal question jurisdiction over its claims is conferred pursuant to 28 U.S.C. § 1331 because "the disputes arise from the procurement of flood insurance pursuant to 42 U.S.C. § 4001, et. seq., the National Flood Insurance Act" ["NFIA"].  (Doc. 1 at 2).

[3] The parties have also filed cross motions for summary judgment.  The court shall address these motions by separate order at a later date.

## BACKGROUND

Hurricane Ivan struck the Northwest Florida area on or about September 16, 2004. On that date the Association and its property (consisting of common area real property, a condominium building, furniture, fixtures, and equipment encompassing the Perdido Sun Condominium, Perdido Key, Florida), were insured under a Standard Flood Insurance Policy ("SFIP") first issued by Nationwide in 1985.[4]  The property sustained severe damage as a result of storm surge generated by the hurricane.  Perdido Sun made a claim for damages in the amount of $3,500,000.00 under the policy but to date Nationwide has only paid Perdido Sun $392,402.88.  Perdido Sun alleges that Nationwide has refused to make full payment of its claim on two improper grounds: (1)  that FEMA's Flood Insurance Rate Map ("FIRM"), which was redrawn after the commencement of the policy, classifies Perdido Sun's property as being in flood hazard zone "VE" rather than the more favorable "A-11" zone; and (2) that Perdido Sun's property is subject to restricted coverage under the SFIP because it is built on artificial or non-indigenous grading material.[5]

---

[4]  Nationwide is a "Write Your Own" ("WYO") insurer from which Perdido Sun purchased its SFIP through the National Flood Insurance Program ("NFIP").  The NFIA established the NFIP and FEMA, which is charged with administering the NFIP, by regulation has promulgated the SFIP and provided for marketing and claims adjustment by private insurers operating as WYO companies. 44 C.F.R. § 62.23. The WYO companies issue SFIPs in their own names as insurer, and they arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, with the federal government acting as the guarantor and reinsurer. See § 61.13(f); § 62.23(d); see also Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998). Thus in issuing SFIPs WYO companies act as the fiscal agent of the United States government. See Sanz v. United States Security Insurance Co., 328 F.3d 1314, 1316 (11th Cir. 2003). Congress has specifically authorized FEMA to appoint service agents to assist the NFIP in issuing and processing flood insurance applications and claims. See 42 U.S.C. § 4071 (authorizing FEMA director to make arrangements to carry out flood insurance program by utilizing "insurance companies and other insurers, insurance agents and brokers, and insurance adjustment organizations, as fiscal agents of the United States."). Federal regulations also provide that "a WYO Company shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs . . . ." 44 C.F.R. 62.23(e).
A copy of Perdido Sun's SFIP, No. 77-09486649, may be found at Document # 1-2 of the docket.  The policy reflects that the full amount of flood coverage is $10,665,700.00.

[5]  Perdido Sun alleges that at the time the Condominium was built in 1985 it was classified as being in the A-11, or non-special flood hazard zone.  According to Perdido Sun, in 1998 FEMA sought to change the classification to a special flood hazard zone pursuant to the redrawn FIRM but later agreed to "grandfather in" the property under its original A-11 classification.  Perdido Sun asserts that since the attempted rezoning Nationwide has accepted premiums for full A-11 coverage but now,  in order to deny Perdido Sun full payment of its claim, attempts to reverse its position by asserting that the VE classification applies.  Perdido Sun also contends that Nationwide has wrongly denied its claim based on a "restricted coverage" provision of the SFIP; according to Perdido Sun, engineering reports reflect that, with the exception of the service floor level of the

In Count I of its complaint Perdido Sun alleges that Nationwide has breached its contractual duty to Perdido Sun under the SFIP by refusing to pay Perdido Sun's claim in a timely manner, by engaging in a deliberate course of conduct intended to delay and minimize Perdido Sun's claim, and by paying only a fraction of Perdido Sun's lawful claim. As relief, Perdido Sun seeks judgment for damages in the amount of $3,107,597.20 plus interest, consequential damages, costs, and attorneys' fees.  Count II is a claim for declaratory relief in which Perdido Sun argues that Nationwide has acted in bad faith and in an arbitrary and unfair manner regarding the zoning and restricted coverage issues. Perdido Sun requests, inter alia, entry of an order declaring that Nationwide is estopped from changing the Association's flood zone classification from its original A-11 zoning and that the restricted coverage provisions under the SFIP do not apply to those portions of the Condominium that are constructed on elevated concrete slabs; ordering immediate payment of Perdido Sun's claim based on an A-11 classification and unrestricted coverage; and assessing interest, attorneys' fees, and costs against Nationwide.  In Count III Perdido Sun alleges that Nationwide negligently engaged in a course of conduct that resulted in hindering and delaying the proper processing of Perdido Sun's claim under the SFIP. Perdido Sun thereby claims it is entitled to damages in excess of $3,107,597.20, interest, consequential damages, attorneys' fees, and costs.

In its motion Nationwide seeks dismissal of "any and all of the Plaintiff's extra-contractual claims, including but not limited to the claims for declaratory relief, consequential damages, attorney's fees and interest, thereby leaving only Count I – Breach of Contract against Nationwide under the flood policy itself [–] to proceed."[6] (Doc. 19 at 2). According to Nationwide, Perdido Sun's claim for declaratory relief in Count II not only is procedurally incompatible with its request for monetary relief but also is redundant and immaterial, given that the court must fully determine Perdido Sun's rights under the SFIP in order to decide the breach of contract claim presented in Count I.  Nationwide also

---

building, all floors are built on elevated concrete slabs and thus are not subject to the SFIP's restricted coverage provisions that apply to buildings constructed on artificial grade.

[6] Thus Nationwide does not seek dismissal of Perdido Sun's underlying breach of contract action in which it seeks additional payment under its SFIP.

argues that Count III should be dismissed because state-law extra-contractual claims for negligence in the handling of a NFIP claim are barred and/or preempted by federal constitutional, statutory, and regulatory law, as well as Supreme Court precedent. In support of its motion, Nationwide has submitted copies of numerous unpublished cases and suggests the court may take judicial notice of them without converting its motion to dismiss to a motion for summary judgment.

In response, Perdido Sun first argues that federal preemption principles do not support the dismissal of Counts II and III.  As to Count II, Perdido Sun submits that the declaratory relief it seeks is neither a tort nor necessarily a creature of state law but rather is a federal common law remedy that has been exercised previously in SFIP cases.  As to Count III, Perdido Sun concedes that a state law claim in negligence is preempted by federal law.  Perdido Sun submits, however, that its claim is not based on state law but rather on federal common law, whose purpose is to permit the judiciary to develop the law where, as here, the applicable statute and precedent are silent or ambiguous.  Perdido Sun therefore contends that it should be permitted to proceed with this claim as a federal common law cause of action.

Next, Perdido Sun argues that Nationwide erroneously assumes that its claims for attorneys' fees are premised on state law; to the contrary, Perdido Sun maintains, its argument is that Nationwide is subject, and that Perdido Sun is entitled, to an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  As to its claims for interest, Perdido Sun concedes that based upon Eleventh Circuit precedent it cannot recover pre-judgment or post-judgment interest.  Finally, Perdido Sun rejects Nationwide's argument that its claim for declaratory relief is redundant and immaterial. Perdido Sun argues that, in addition to deciding the controversy regarding its rights under the SFIP in Count I, the court has been asked in Count II to address the issue of estoppel by determining whether Nationwide and FEMA can unilaterally alter coverage under the policy after inducing Perdido Sun's reliance.  According to Perdido Sun, this conduct involves far more than a single breach of contract; it also implicates the reliability and extent of the SFIP coverage and the future rates of Perdido Sun's  premiums for its policy.

**RULE 12(b)(6) and RULE 12(c) LEGAL STANDARDS**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Sheuer v. Rhodes, 416 U.S. 232, 236 (1974); Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. See Swierkiewicz, 534 U.S. at 511 (quoting Scheuer, 416 U.S. at 236); United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550____U.S. ____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Rejecting a literal reading of the "no set of facts" rule, the Court held in Bell Atlantic that although a complaint need not plead "detailed factual allegations," in order to survive a motion to dismiss the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . "; in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 127 S.Ct. at 1964-65. The Court further instructed that the "no set of facts" language was "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. See Mergens v. Druyfoos, 166 F.3d 1114 (11th Cir. 1999); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (applying motion to dismiss standard under Rule 12(b)(6) to motion to dismiss under 12(c)). The Eleventh Circuit has held that "[j]udgment

on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Riccard v. Prudential Insurance Co. of America, 307 F.3d 1277, 1291 (11th Cir. 2002) (quoting Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)).  "[J]udgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Florida Residential Property & Casualty Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) (per curiam).

## DISCUSSION

As a preliminary matter, the court addresses Nationwide's request that the court take judicial notice of the numerous cases attached as exhibits to its motion.  This court may take judicial notice of another court's order "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). Accordingly, the court shall take judicial notice of the fact that the proceedings in the cases cited by Nationwide occurred as well as the subject matter of those proceedings.  Although the court does not take judicial notice of any factual findings, arguments, or legal conclusions advanced within the referenced exhibits, it considers the cases to the same extent it would any applicable caselaw or other legal authority cited by a party.

### Count II

Nationwide argues that Count II's request for declaratory relief should be dismissed because it is redundant and immaterial, citing in support Scritchfield v. Mutual of Omaha Insurance Co., 341 F.Supp.2d 675 (E.D.Tex. 2004).  In Scritchfield, the court declined to declare that the flood events at issue were covered under the plaintiffs' SFIP, noting that the NFIA does not provide for declaratory relief and there was no ripe case or controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201.  In dismissing the claim for declaratory judgment, the court went on to state that "[p]laintiffs would get nothing from a declaratory judgement that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events." Id. at 682.  Perdido Sun seeks to distinguish the facts of Scritchfield from their own case, arguing that the relief it seeks in Count I, if granted, still would not provide it with an adequate remedy because the parties are engaged in "an

ongoing controversy above and beyond Perdido Sun's claims for breach . . . ."  (Doc. 23 at 11).

In the instant case, in Count II Perdido Sun seeks certain relief not requested in Count I, namely a declaration estopping Nationwide, and argues that interpretation of the policy, including any restrictions, will impact the extent of its coverage under the SFIP and its future premium rates.  For purposes of this motion to dismiss, the court accepts that the declaratory relief sought in Count II, if granted, would afford Perdido Sun more relief than it would receive by simply prevailing on its breach of contract claim in Count I.  Moreover, the court notes Perdido Sun's contention that "possible future events" are at issue. Id. at 682.  Accordingly, to the extent Count II seeks declaratory relief, the court shall deny Nationwide's motion to dismiss.

To the extent Count II also seeks interest and attorneys' fees as relief, however, the court shall grant the motion to dismiss.  Perdido Sun has conceded that, based on the Eleventh Circuit's decision in Newton v. Capital Assurance Company, Inc., 245 F.3d 1306 (11th Cir. 2001), it is not entitled to recover pre-judgment or post-judgment interest. Additionally, the court does not accept Perdido Sun's contention that attorneys' fees are available under the EAJA in this flood insurance case.  The EAJA permits an award of attorneys' fees to "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b).  Although Nationwide is a WYO carrier participating in the NFIP as fiscal agent for the United States, it is not an agency of the United States as required by the EAJA.[7]  See Dickerson v. State Farm Fire and Casualty Company, 2007 WL 153763, *4 (E.D.La. 2007); Schopen v. State Farm Insurance Co., 1996 WL 696444, *2-*3 (E.D.La. 1996); Adams v. State Farm Fire & Casualty Co., 1996 WL 592734, *2-3 (E.D.La. 1996).  But see Dwyer v. Fidelity National Property & Casualty Insurance Co., 2007 WL 1063268, *1 (E.D.La.  2007) (holding that attorneys' fees and costs under EAJA

---

[7] Title 44 C.F.R. Pt. 62.23(g), provides:

A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Government is not a proper party defendant in any lawsuit arising out of such policies.

were available because suit against WYO company was essentially a suit against FEMA and thus "an instrumentality of the United States in both realms of action recognized under the EAJA"), and Baker v. Allstate Insurance Co., 2007 WL 2407311, *5 (E.D.La. 2007) (denying without prejudice motion to dismiss with respect to fees under EAJA, pending disposition of pending appeal in Dwyer). Accordingly, with respect to Perdido Sun's demands for interest and attorneys' fees in Count II, the court grants the motion to dismiss.

**Count III**

Perdido Sun asserts that it should be allowed to proceed with its negligence claim as a federal common law cause of action. The court disagrees.

The SFIP for residential condominium buildings such as Perdido Sun's is located at 44 C.F.R. Pt. 61, App. A(3).  Section X of the SFIP, entitled "What Law Governs," provides:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA,  the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 et seq.), and Federal common law.

44 C.F.R. Pt. 61, App. A(3), Art X (2002); see also doc. 1, exh. 1.

Numerous courts have concluded that the foregoing provision pre-empts state law claims based on the handling of a claim under a SFIP. See Gallup v. Omaha Prop. & Casualty Insurance Co., 434 F.3d 341, 344-45 (5th Cir. 2005); Wright v. Allstate Insurance Co., 415 F.3d 384, 390 (5th Cir. 2005); C.E.R.1998, Inc. v. The Aetna Casualty & Surety Co., 386 F.3d 263 (3d Cir. 2004); Scritchfield, 341 F.Supp.2d at 681; Baker, 2007 WL 2407311 at *3; Dickerson, 2007 WL 153763 at *2.

In Dickerson, a recent Hurricane Katrina case from the Fifth Circuit, the court declined to recognize any of the plaintiffs' extra-contractual claims as federal common law claims.  The court concluded that the plaintiffs had failed to assert any recognizable federal common law theories but instead had "impermissibly re-labeled state law claims as federal common law claims." Dickerson, 2007 WL 1537631 at *2.  The court noted that the term "federal common law" as used in the SFIP has been interpreted to mean that when there is a dispute over coverage under the NFIA, such disputes are resolved under federal law. Id.; see also Studio Frames Ltd. v. Standard Fire Insurance Co., 483 F.3d 239, 244 (4th Cir. 2007) ("Under federal common law, the federal courts draw upon standard principles

of insurance law to resolve disputes over coverage in a SFIP."); Sodowski v. National Flood Insurance Program of FEMA, 834 F.2d 653, 655 (7th Cir. 1987) (holding that since the law of any particular state does not apply to a SFIP, federal courts are free to apply traditional common law techniques of decision by drawing on standard insurance principals); Roybal v. Los Alamos National Bank, 375 F.Supp.2d 1324, 1329 (D.N.M. 2005).  The Dickerson court also found that neither the statute nor the regulations indicated that Congress intended to create new federal common law to resolve disputes arising from claims disputers under a SFIP. Id.

Based upon the foregoing analysis, in particular the Dickerson court's reasoning, this court concludes that Perdido Sun has impermissibly attempted to cast its state law negligence claim in Count III as federal common law claim.   The court declines to recognize Perdido Sun's negligence claim as sounding in federal common law. Accordingly, the motion to dismiss Count III shall be granted.

**Other Extra-Contractual Claims**

For the reasons explained previously, Perdido Sun's extra-contractual claims for attorneys' fees and interest, as presented in Count I of the complaint, also are not cognizable. See Scherz v. South Carolina Insurance Co., 112 F.Supp.2d 1000, 1009 (C.D.Cal. 2000) (dismissing request of plaintiff in flood insurance action "for punitive damages and attorneys' fees, since neither remains a viable remedy for plaintiff's remaining cause of action for breach of contract").  Accordingly, Nationwide's motion to dismiss is also granted as to these extra-contractual claims for relief.

Additionally, Counts I demands as relief consequential damages.[8]   The SFIP provides that coverage only extends to "direct loss by flood . . . to the property . . . ." Furthermore, Congress only extended flood insurance coverage under the NFIP for "loss resulting from physical damage to or loss of real property or personal property related thereto . . . ." 42 U.S.C. § 4011. "[T]he type of loss insured under the SFIP does not include the kind of economic loss claimed by appellant under the rubric of '"consequential damages."' Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 139 (1st Cir. 1984).  The Atlas

---

[8]  The court notes that although Nationwide raises the issue of consequential damages it failed to present any argument in support.

Pallet court thus concluded "that the SFIP only covers physical damage to the insured building."Id. See also Moffett v. Computer Sciences Corp., 457 F.Supp.2d 571 (D.Md. 2006); Scritchfield, 341 F.Supp.2d at 681.  In the instant case, the court likewise concludes that Perdido Sun's demand for consequential damages in Count I is improper. Nationwide's motion therefore is also granted as to this extra-contractual claim for relief.[9]

Accordingly, it is hereby ORDERED:

Nationwide's motion to dismiss/motion for judgment on the pleadings (doc. 19) is GRANTED in part and DENIED in part:

1.      With respect to Count III of the complaint and all of Perdido Sun's other claims for extra-contractual relief, Nationwide's motion is GRANTED.  Count III is therefore DISMISSED and all other extra-contractual claims in the complaint, including those for interest, attorneys' fees, and consequential damages, are also DISMISSED.

2.      With respect to Count II of the complaint, Nationwide's motion is DENIED.

**DONE and ORDERED** this 30th day of August, 2007.

_s/ M. Casey Rodgers_

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[9]  Perdido Sun's claim of breach of contract in Count I, and the relief requested, is otherwise unaffected except as previously noted.

Case No. 3:06cv318/MCR